CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 22, 2025
LAURA A. AUSTIN, CLERK
BY s/ S. MELVIN
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:25-cv-00026 |
| UNITED STATES ARMY CORPS OF ENGINEERS, | ) ) ) ) | |
| Defendant | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

This is a suit for declaratory and injunctive relief necessitated by the failure of the United States Army Corps of Engineers ("USACE") to respond to requests for records under the Freedom of Information Act ("FOIA").

**INTRODUCTION**

1.      In February and March 2025, Plaintiff Southern Environmental Law Center ("SELC"), a nonprofit public interest organization dedicated to protecting the people and environment of the Southeast, requested documents and communications from USACE pursuant to FOIA.

2.      The requested records relate to a decision by USACE to implement a permitting hold on 168 renewable energy projects.

3.      SELC sent a FOIA request to gather documents and communications related to this decision on February 26, 2025, and resent the same request on March 12, 2025.

4.      USACE has failed to make a determination on these requests within twenty working days of receiving them. 5 U.S.C. § 552(a)(6)(A).

5.      Despite repeated attempts to contact USACE and resolve the matter without litigation, SELC has not received the requested records (or even a formal acknowledgment of the request by USACE). SELC therefore seeks declaratory and injunctive relief from this Court as provided under FOIA.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action under 5 U.S.C. § 552 (FOIA grant of jurisdiction), 28 U.S.C. § 1331 (federal-question jurisdiction), and 28 U.S.C. §§ 2201, 2202 (authority to issue declaratory judgment and further necessary or proper relief).

7.      Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), SELC is "deemed to have exhausted [its] administrative remedies" because USACE has "fail[ed] to comply with the applicable time limit provisions" of FOIA. SELC is thus now entitled to file suit in federal district court to compel compliance with FOIA.

8.      Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because the requester, SELC, is a 501(c)(3) nonprofit organization with its principal place of business

in Charlottesville, Virginia, in the Western District of Virginia's Charlottesville Division. W.D. Va. Civ. R. 2(a)(2).

## PARTIES

### Plaintiff Southern Environmental Law Center

9. Plaintiff SELC is a public interest environmental law firm with a focus on six southeastern states, including Virginia. SELC is headquartered at 120 Garrett Street in Charlottesville, Virginia.

10. SELC is a "person" for purposes of FOIA. 5 U.S.C. § 551(2).

11. SELC collaborates with partner organizations who depend on its legal expertise to complement and strengthen their efforts. SELC works with its partners and clients, exclusively on a pro bono basis, to promote the public interest.

12. SELC communicates broadly with the public through a wide variety of media, including its website, newsfeed, press releases, reports, interviews with the media, and presentations to other organizations and the general public. Over the past several years, SELC has used many of these tools to communicate information and raise public awareness about clean energy, permitting decisions, and environmental laws that apply during the permitting process, including the Clean Water Act.

13. SELC disseminates information obtained from FOIA requests to its clients, partners, and the general public through its website, selc.org, which is updated regularly, as well as through press releases, media interviews, reports, social media, and public comment letters. SELC attorneys also regularly attend and speak at public meetings and

hearings throughout the South, where they relay information and data obtained through FOIA requests.

### Defendant USACE

14. Defendant USACE is a federal agency housed under the United States Department of Defense and is authorized by federal law to issue permits and authorizations for activities involving the dredge and fill of waters of the United States.

15. USACE is an "agency" for purposes of FOIA. 5 U.S.C. §§ 551(1); 552(f)(1).

16. Upon information and belief, USACE has in its possession or control records responsive to SELC's FOIA requests.

### FACTUAL BACKGROUND

### SELC's FOIA Requests

17. The requests at issue here concern records related to USACE's decision to implement a temporary permitting pause on 168 renewable energy projects. *See* Kelsey Tamorrino, *Army Corps lifts renewable energy permitting pause*, E&E News by Politico (Feb. 7, 2025), https://www.eenews.net/articles/army-corps-lifts-renewable-energy-permitting-pause/ [https://perma.cc/9TTN-RVE4] (Exhibit 1); Bobby Magill, *US Army Corps Lifts Renewable Project Water Permitting Pause*, Bloomberg Law (Feb. 6, 2025), https://news.bloomberglaw.com/environment-and-energy/us-army-corps-lifts-renewable-project-water-permitting-pause [https://perma.cc/8Q2C-SNRP] (Exhibit 2).

4

18. On February 26, 2025, SELC sent a FOIA request ("the Original Request") to USACE (via foia@usace.army.mil) requesting documents related to this decision. *See* Exhibit 3.

19. SELC used this address because it was listed on the USACE website.

20. The Original Request asked for "all documents" related to the permitting pause, including documents regarding the identity of the 168 renewable energy projects, the legal basis for the pause, and any continued pause in regulated activities associated with renewable energy projects. *See* Exhibit 4. The Original Request sought all materials, written or typed, related to these topics, as well as all of USACE's associated communications.

21. In its Original Request, SELC explained that the requested materials are "likely to contribute significantly to public understanding of the USACE's evaluation of permits for renewable energy projects."

22. SELC also noted in its Original Request that it "has an interest in the build-out of clean, renewable energy, as well as in the laws and regulations designed to protect the environment in connection with such projects" and that it sought "to glean a greater understanding of the USACE's evaluation of such projects (including the need for a processing pause)."

23. SELC never received an acknowledgement of the Original Request. On March 6, 2025, SELC called the USACE FOIA Liaison (at 202-761-4791) to inquire

about the status of the Original Request, but the call was forwarded to a voicemail box that was full and no longer accepting messages.

24. On March 12, 2025, SELC emailed the USACE FOIA Liaison, forwarding the email conveying the Original Request to USACE, and inquiring about the status of the Original Request. *See* Exhibit 5.

25. On March 13, 2025, Lauren A. Turner, Paralegal Specialist in the Office of the Chief Counsel, sent SELC an email (1) acknowledging receipt of the forwarded request ("the Forwarded Request"),[1] (2) forwarding the Forwarded Request to the Humphreys Engineer Center Support Activity office, and (3) identifying USACE's FOIA email addresses as foiahq@usace.army.mil and foia-liaison@usace.army.mil. *See* Exhibit 6.

26. SELC immediately responded to Ms. Turner to clarify that SELC had sent the Original Request on February 26, 2025, to the email address displayed on USACE's FOIA website (foia@usace.army.mil), including a screenshot of the same. *See* Exhibit 7.

27. Ms. Turner indicated that she would have USACE's FOIA website updated with "the current email address." *See* Exhibit 8.

28. SELC inquired when Ms. Turner intended to start counting the twenty-day period by which a determination is required under FOIA. Exhibit 9. Twenty days after SELC sent the Original Request would be March 26, 2025.

---

[1] The Forwarded Request exactly mirrors the Original Request in terms of its content.

6

29. Ms. Turner responded that the twenty-day window would begin March 13, 2025 (the date Ms. Turner acknowledged the Forwarded Request), despite the fact that SELC sent the Original Request to the email address designated on USACE's FOIA website. *See* Exhibit 10.

30. On April 3, 2025, SELC again emailed Ms. Turner to explain that no acknowledgement or other response had been received since March 14, 2025, the date of Ms. Turner's most recent email. *See* Exhibit 11.

31. Ms. Turner responded, stating that she had reached out to the Humphreys Engineer Support Center and had asked them to contact SELC directly with an update on the Forwarded Request. *See* Exhibit 12.

32. As of the filing of this Complaint, USACE has not contacted SELC to acknowledge the Forwarded Request or to provide a determination or a notification of extension. Nor has USACE provided any responsive records or updates about the Forwarded Request. As of the filing of this Complaint, USACE's FOIA website continues to display the email address to which SELC sent the Original Request on February 26, 2025. *See* Exhibit 13 [https://perma.cc/7B52-TQF5].

33. Twenty working days after February 26, 2025, the date SELC sent the Original Request, was March 26, 2025. Twenty working days after March 13, 2025, the date the USACE FOIA Liaison acknowledged the Forwarded Request, was April 10, 2025.

## SELC's Exhaustion of Administrative Remedies

34.　　USACE has failed to make a "determination" on the Forwarded Request within twenty working days.

35.　　USACE has failed to produce any responsive records to the Forwarded Request.

36.　　USACE has not, at any point since the Forwarded Request was submitted, notified SELC of a determination whether or to what extent it plans to comply with the request, much less any reasons therefor.

37.　　Upon information and belief, USACE is in possession or control of records responsive to the Forwarded Request, but has not searched for, gathered, or reviewed these records.

38.　　Upon information and belief, USACE has not determined the scope of documents it intends to produce and withhold.

39.　　USACE has not notified SELC that the Forwarded Request cannot be processed within FOIA's twenty working day time limit, nor has it informed SELC of any unusual circumstances that would warrant the modest extension of this time limit provided by FOIA. It also has not indicated the date on which a determination is expected to be dispatched.

40.　　More than twenty working days have passed since February 26, 2025, when USACE received the Original Request, and since March 13, 2025, when the USACE FOIA Liaison forwarded the Forwarded Request to the Humphreys Engineer Center

Support Activity office. USACE was therefore required to respond with a determination by, at the latest, April 10, 2025.

## LEGAL BACKGROUND

### Freedom of Information Act

41.    In enacting FOIA, "Congress sought 'to open agency action to the light of public scrutiny' . . . by 'requiring agencies to adhere to a general philosophy of full agency disclosure.'" *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 772 (1989)). "Congress believed that this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'" *Id.* (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

42.    Thus, "FOIA 'shines a light on government operations to check against corruption and to hold the governors accountable to the governed.'" *S. Env't L. Ctr. v. Council on Env't Quality*, 446 F. Supp. 3d 107, 109 (W.D. Va. 2020) (quoting *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 818–19 (4th Cir. 2013)).

43.    To that end, FOIA requires federal agencies to make responsive "records" available upon request. 5 U.S.C. § 552(a)(3)(A). The term "record" generally encompasses "any information. . . maintained by an agency in any format, including an electronic format." *Id.* § 552(f)(2)(A). Agencies must "make reasonable efforts to search for [such] records." *Id.* § 552(a)(3)(C).

44. "[T]he time provisions of [FOIA] are central to its purpose." *Hayden v. U.S. Dep't of Just.*, 413 F. Supp. 1285, 1288 (D.D.C. 1976). FOIA requires agencies to "promptly" fulfill records requests. 5 U.S.C. § 552(a)(3)(A). In general, an agency must "determine" whether to comply with a FOIA request within twenty working days of receiving the request, and it must "immediately notify" the requester of this determination. *Id.* § 552(a)(6)(A)(i).

45. Records may be provided concurrently with, or promptly after, an agency's determination. *See Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

46. The "determination" notification must include information regarding (1) the determination about whether the agency will comply with the records request "and the reasons therefor," (2) the requester's right to seek assistance from the agency's FOIA Public Liaison, and (3) if the agency decides it will not provide some or all of the requested records, the requester's right to appeal the determination and seek dispute resolution. *See* 5 U.S.C. § 552(a)(6)(A)(i).

47. Such "determination[s] under Section 552(a)(6)(A)(i) must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Resp. & Ethics in Wash.*, 711 F.3d at 188. Instead, to make a "determination" under FOIA, "the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the

reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.*

48. In "unusual circumstances," an agency may extend by ten working days its twenty working day deadline for requests by providing timely written notice to the requester. *Id.* § 552(a)(6)(B)(i).

49. If an agency fails to make and communicate its "determination" within the relevant statutory timelines, the requester "shall be deemed to have exhausted his administrative remedies with respect to such request." 5 U.S.C. § 552(a)(6)(C)(i).

50. "This constructive exhaustion provision allows a requester to break out of the administrative process and proceed directly to federal court in the face of an unresponsive agency." *Coleman*, 714 F.3d at 820.

51. Once a requester has exhausted administrative remedies with respect to the request, the requester may immediately seek declaratory and injunctive relief in the district where the requester's principal place of business is located. 5 U.S.C. § 552(a)(4)(B), (6)(C)(i). "Put simply, if an agency does not respond to a request within twenty working days after receiving it, the requester may typically commence litigation." *Coleman*, 714 F.3d at 823.

### USACE's FOIA Regulations

52. USACE's FOIA regulations are located at 32 C.F.R. Part 286. These regulations include provisions governing the timing of response to requests and

acknowledge the statutory time limit under FOIA, which applies except in the case of unusual circumstances. 32 C.F.R. § 286.8(c).

53. Like the FOIA statute, USACE's regulations specify that the unusual circumstances exception may only be invoked after written notification to the requester, which must occur "[b]efore expiration of the 20-day period." *Id.*

54. In its FOIA regulations, USACE makes clear that the written acknowledgement provided to a requester upon receipt of a FOIA request is distinct from a "determination." *See* 32 C.F.R. § 286.9(b), (d), (e).

55. Furthermore, USACE's regulations explain that when it "mak[es] an adverse determination denying a request in any respect, [it] will notify the requester of that determination in writing." *Id.* § 286.9(e).

## CLAIM FOR RELIEF

### Violation of the Freedom of Information Act

56. SELC incorporates by reference all preceding paragraphs.

57. USACE was required to make a determination regarding the Forwarded Request and communicate this determination to SELC by no later than April 10, 2025.

58. As of the time of filing this complaint, the April 10 deadline has passed. Yet USACE has provided neither a determination nor responsive records to SELC.

59. USACE's only response to the Forwarded Request to date—an acknowledgment of receipt by the USACE FOIA Liaison—does not constitute a "determination" pursuant to FOIA.

60. USACE violated FOIA by failing to make a timely "determination" on the Forwarded Request as required by 5 U.S.C. § 552(a)(6)(A)(i) and 32 C.F.R. § 286.8.

61. USACE violated FOIA by failing to make reasonable efforts to search for records responsive to the Forwarded Request as required by 5 U.S.C. § 552(a)(3)(C) and 32 C.F.R. §§ 286.9, 286.12(b)(8).

62. USACE violated FOIA by failing to provide SELC with all non-exempt records responsive to the Forwarded Request as required by 5 U.S.C. § 552(a)(8)(A) and 32 C.F.R. § 286.9(e).

63. By failing to make a timely "determination," conduct a reasonable search, and provide SELC with all non-exempt records responsive to the Forwarded Request, USACE has denied SELC's right to information as provided under FOIA. *See* 5 U.S.C. § 552.

64. Unless it is enjoined by this Court, USACE will continue to violate SELC's legal right to be timely provided with the information that SELC asked for in the Forwarded Request.

65. SELC is directly and adversely affected and aggrieved by USACE's failure to provide a determination and responsive records to the Forwarded Request, as described above.

## REQUEST FOR RELIEF

Wherefore, Plaintiff SELC respectfully requests that this Court:

    A.    DECLARE that USACE has violated and is continuing to violate FOIA by failing to make a timely "determination" on the Forwarded Request as required by FOIA and USACE's FOIA regulations;

    B.    DECLARE that USACE has violated and is continuing to violate FOIA by failing to make reasonable efforts to search for records in response to the Forwarded Request as required by FOIA and USACE's FOIA regulations;

    C.    DECLARE that USACE has violated and is continuing to violate FOIA by failing to provide SELC with all documents responsive to the Forwarded Request as required by FOIA and USACE's FOIA regulations;

    D.    ORDER USACE to search for and provide all responsive documents to the Forwarded Request without further delay;

    F.    ORDER USACE to produce an index identifying any documents or parts thereof that it intends to withhold and the basis for the withholdings pursuant to 5 U.S.C. § 552(a)(8) and (b), in the event that USACE determines certain responsive records are exempt from disclosure;

    G.    RETAIN jurisdiction over this matter to rule, if necessary, on the adequacy of the USACE's search for responsive documents or on assertions by the agency that any responsive documents are exempt from disclosure;

    H.    AWARD Plaintiff its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

    I.    GRANT Plaintiff any other relief the Court deems just and proper.

Respectfully submitted this 22nd day of April, 2025.

*/s/* Katherine Coffey
Katherine Coffey
Virginia Bar Number: 99602
Attorney for Plaintiff
SOUTHERN ENVIRONMENTAL LAW CENTER
120 Garrett Street, Suite 400
Charlottesville, VA 22902
Telephone: (434) 977-4090
Email: kcoffey@selc.org